UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY THORN BUSH,

    Petitioner,

v.                                    Case No. 10-C-0066

MICKEY MCCASH, Warden,

    Respondent.

## ORDER ON RULE 4 REVIEW

On January 26, 2010, the petitioner, Tommy Thorn Bush ("Bush"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the documents filed therewith, on August 22, 2006, Bush was convicted in the Milwaukee County Circuit Court of delivering less than one gram of cocaine, a violation of Wis. Stat. § 961.41(1)(cm)1g. (2003-04), possessing more than fifteen, but less than forty grams of cocaine with intent to deliver as a party to a crime, a violation of Wis. Stat. §§ 961.41(1m)(cm)3. and 939.05 (2003-04), and being a felon in possession of a firearm, a violation of Wis. Stat. § 941.29(2) (2003-04). On August 24, 2006, the circuit court imposed a seven-year prison sentence on the first count, with Bush to serve a minimum of four years in initial confinement and a maximum of three years on extended supervision. The circuit court imposed a consecutive six-year sentence on the second drug charge, with Bush to serve a minimum of three years initial confinement and a maximum of three years on extended supervision. Finally, the circuit court imposed a six-year prison sentence on the gun-possession charge, with Bush to serve a minimum of three years in initial confinement and a maximum of three years on extended supervision. The court ordered this final sentence to run consecutively to the sentence on the first drug charge, but concurrently with the sentence on the second drug charge.

Bush appealed his conviction to the Wisconsin Court of Appeals. The state public defender appointed an attorney to represent Bush on appeal. That attorney filed a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Wis. Stat. Rule 809.32. The attorney provided Bush with a copy of the report, and Bush filed a response. The court of appeals concluded that there would be no arguable merit to any issue that could be raised on appeal. Thus, on August 12, 2008, the court of appeals summarily affirmed his conviction.

In November 2008, Bush filed a petition for review with the Wisconsin Supreme Court. On January 13, 2009, the Wisconsin Supreme Court denied Bush's petition for review.

As previously stated, on January 26, 2010, Bush filed his federal habeas petition. The grounds for relief that he asserts are "conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure" and "denial of effective assistance of counsel." (Pet. at 6-8.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Bush's petition that he is not entitled to relief in the district court (although it is possible that he has not exhausted his claims in state court). Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule which is set forth below will thereafter govern the processing of Bush's petition.

2
Case 2:10-cv-00066-WEC   Filed 03/08/10   Page 2 of 3   Document 7

**NOW THEREFORE IT IS ORDERED** that on or before May 3, 2010 the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before June 4, 2010 the petitioner shall file a legal brief in support of his petition;

**IT IS FURTHER ORDERED** that on or before July 9, 2010 the respondent shall file a brief in response to the petitioner's legal brief;

**IT IS FURTHER ORDERED** that on or before August 6, 2010, the petitioner shall file his reply brief;

**SO ORDERED** this 8th day of March 2010, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge